**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DR. MICHAEL A. WEINER,
p/k/a Michael Savage, and
SAVAGE PRODUCTIONS, INC.,

        Plaintiff-Appellee,

v.

THE ORIGINAL TALK RADIO
NETWORK, INC.,

        Defendant-Appellant.

No. 13-16111

D.C. No. 4:10-cv-05785-YGR

MEMORANDUM
and ORDER[*]

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted July 9, 2015[**]
San Francisco, California

Before: GILMAN,[***] GRABER, and WATFORD, Circuit Judges.

The Original Talk Radio Network, Inc. (OTRN) appeals the district court's

confirmation of an arbitration panel's award in favor of Dr. Michael A. Weiner,

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***]The Honorable Ronald Lee Gilman, Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

known on-air as "Michael Savage" (Weiner). OTRN syndicated Weiner's talk-radio show for at least a decade before their business relationship soured in 2010. As the expiration of the parties' syndication agreement (the Agreement) drew near, a third party made a competing offer for Weiner's services, which OTRN sought to match pursuant to a "right-to-match" provision in the Agreement. But Weiner refused to recognize OTRN's offer, arguing that OTRN had failed to properly exercise its right to match. This caused OTRN to insist that the parties proceed to arbitration to settle their dispute pursuant to the Agreement's arbitration clause.

In September 2012, the arbitration panel issued its award, terminating the Agreement and awarding Weiner over $800,000 in withheld compensation. Weiner subsequently filed a motion to confirm the arbitration award, which the district court granted in May 2013. He has also asked this court to impose sanctions on OTRN for filing a frivolous appeal.

We review de novo a district court's confirmation of an arbitration award. *Bosack v. Seward*, 586 F.3d 1096, 1102 (9th Cir. 2009). The scope of a federal court's review of an arbitration award under the Federal Arbitration Act (FAA) is "extremely limited." *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1105 (9th Cir. 2003). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award . . . ." *Bosack*, 586 F.3d at

1102 (internal quotation marks omitted). Rather, the FAA limits the vacatur of an award to four circumstances: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators; (3) where the arbitrators were guilty of any misbehavior by which the rights of the parties have been prejudiced; or (4) where the arbitrators exceeded their powers. 9 U.S.C. § 10(a).

OTRN argues that the arbitration award should be vacated on all of these grounds. Specifically, OTRN contends that the arbitration panel acted beyond the scope of its authority when it (1) terminated the Agreement, (2) ruled on claims that OTRN had not agreed to submit to arbitration, (3) ignored OTRN's right to set-off damages against Weiner's compensation, and (4) allowed Weiner's "threats and intimidation" to corrupt the arbitration process. But even if vacatur is not warranted, OTRN argues that the district court erred in two additional ways: first, by failing to authorize post-arbitration discovery and, second, by naming Talk Radio Network, Inc. as a party in the judgment. All of these arguments lack merit.

We first turn to OTRN's final contention that the district court "mistakenly" added Talk Radio Network, Inc. as a party to the judgment, a point not raised below. We find no support for this contention in the record. To the contrary, OTRN has referred to itself on numerous occasions throughout this case as "The Original Talk Radio Network, Inc., d/b/a Talk Radio Network, Inc."

-3-

As for all the remaining issues that are dealt with in the district court's opinion, we find ourselves in complete agreement with the court's reasoning except for the court's articulation of why the arbitration panel did not act outside the scope of its authority by terminating the Agreement. To repeat the district court's explanation for denying all of OTRN's other claims would thus be unduly duplicative and serve no jurisprudential purpose. We accordingly adopt the district court's reasoning from its May 2, 2013 opinion as it relates to all claims other than the one challenging the termination of the Agreement.

Regarding OTRN's remaining argument as to the scope of the arbitrators' authority to terminate the Agreement, we affirm the judgment of the district court on a different basis. *See Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008) ("[W]e can affirm on any ground supported by the record."). Although ¶ 8 of the Agreement states that "Termination shall not be a remedy *for any ambiguity* in this Agreement, or in any forum, including without limitation arbitration or any arbitration ruling" (emphasis added), that provision is not a blanket prohibition on termination as OTRN suggests. In fact, three pages of the Agreement are dedicated to various other circumstances under which the Agreement *could* be terminated. OTRN argued as much in its efforts to compel arbitration, and it aptly summarized the issue as follows in its reply brief at that stage: "[T]he agreement *expressly* allows an arbitrator to order termination of the

-4-

agreement as a remedy." (Emphasis in original.) We agree with OTRN's earlier reading of the Agreement and decline to vacate the arbitration award on that basis.

The final issue before us is Weiner's motion for sanctions under Rule 38 of the Federal Rules of Appellate Procedure and under 28 U.S.C. §§ 1912 and 1927. He claims that OTRN "pursued a frivolous appeal and vexatiously multiplied the proceedings in this case." We impose sanctions only when an appeal's "result is obvious or the appellant's arguments are wholly without merit." *Glanzman v. Uniroyal, Inc.*, 892 F.2d 58, 61 (9th Cir. 1989) (internal quotation marks omitted). Although OTRN's arguments on appeal are unavailing, the shortcomings of its case do not rise to this level. OTRN offered record evidence and case citations to support most of its arguments, and it earnestly attempted to distinguish the cases cited by Weiner. Sanctions can be a valuable tool for dissuading knee-jerk appeals or appeals intended simply to delay the enforcement of a judgment, but this case is not an example of either.

The judgment of the district court is therefore **AFFIRMED**, and Weiner's motion for sanctions is **DENIED**.